AB:JV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - against -

KIRT GILBERT REYNOLDS,

        Defendant.

- - - - - - - - - - - - - - - x

**COMPLAINT**

(21 U.S.C. §§ 952(a) and 960)

Case No. 19 MJ 613

EASTERN DISTRICT OF NEW YORK, SS:

        Edward J. Shapiro, being duly sworn, deposes and states that he is a Special

Agent with the Department of Homeland Security, Homeland Security Investigations

("HSI"), duly appointed according to law and acting as such.

        On or about July 2, 2019, within the Eastern District of New York and

elsewhere, the defendant KIRT GILBERT REYNOLDS did knowingly, intentionally and

unlawfully import into the United States from a place outside thereof, cocaine, a Schedule II

controlled substance.

        (Title 21, United States Code, Sections 952(a) and 960)

The source of your deponent's information and the grounds for his beliefs are as follows:[1]

1.      On or about July 2, 2019, the defendant KIRT GILBERT REYNOLDS arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard JetBlue Flight number B6 960 from Kingston, Jamaica.

2.      After disembarking from his flight, REYNOLDS was carrying one carry-on bag.

3.      After clearing immigrations at JFK, REYNOLDS proceeded to the baggage claim area. REYNOLDS collected one checked bag – a duffle bag wrapped in "Secure Wrap" plastic film. After collecting the Secure Wrapped duffle bag, REYNOLDS began walking towards the exit, when he was stopped by a U.S. Customs and Border Protection ("CBP") Officer.

4.      The CBP Officer reviewed REYNOLDS' passport and asked him to follow the CBP Officer into the baggage secondary area in order to conduct a baggage examination. Once they arrived in the baggage secondary area, the CBP Officer instructed REYNOLDS to place both of his bags on a belt for inspection.

5.      REYNOLDS verbally verified that both bags were his.

6.      The CBP Officer found agricultural products in the carry-on bag. CBP Agricultural Inspectors took the agricultural products into custody. Thereafter, the CBP Officer conducted a search of the defendant's Secure Wrap duffle bag.

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

7.     In the Secure Wrap duffle bag, the CBP Officer found more agricultural products, clothing, personal items, two boxes of "Jamaican Mountain Peak Jamaican Ginger Instant Tea," one box of "Jamaican Mountain Peak Instant Coffee, Non-Dairy Creamer + Sugar," and one box of "Cundeamor Jamaican Herbal Tea."

8.     The two ginger tea boxes and one instant coffee box each contained multiple individually wrapped portion packets. The herbal tea box contained one tea bag.

9.     Upon opening one individual portion packet from inside of the Jamaican Mountain Peak Jamaican Ginger Instant Tea box, the CBP Officer discovered a white powder sealed in a plastic packet inside.

10.    After discovering the white powder, the CBP Officer instructed REYNOLDS to repack all of his belongings and informed him that CBP would be taking him to a private search room to continue the exam.

11.    After proceeding to the search room, CBP probed one of the individual portion packets and field tested the contents. The contents tested positive for cocaine.

12.    CBP placed REYNOLDS under arrest.

13.    After defendant REYNOLDS' arrest, I arrived at the search room with another HSI Special Agent.

14.    Defendant REYNOLDS was read his Miranda rights, which he acknowledged orally and in writing. The defendant agreed to waive those rights. After waiving his Miranda rights, defendant REYNOLDS admitted that he had received the boxes from a Jamaican source, and that the source had told REYNOLDS that REYNOLDS would be contacted when he arrived in the United States with directions concerning delivery of the boxes.

15.     REYNOLDS further admitted that last year, he had delivered a brown bag from the same source in Jamaica to Brooklyn, New York, and was paid $300-$500 cash.

16.     REYNOLDS said, in sum and substance, he was expecting a similar payment after delivering the boxes on this trip.

17.     REYNOLDS acknowledged, in sum and substance, that he understood the boxes contained drugs based upon the amount of money he expected to be paid to deliver the boxes.

18.     In total gross weight, law enforcement recovered approximately 545 grams of cocaine from within the three boxes.

WHEREFORE, your deponent respectfully requests that the defendant KIRT GILBERT REYNOLDS be dealt with according to law.

Edward J. Shapiro
Special Agent
Homeland Security Investigations

Sworn to me before this
3rd day of July, 2019

SI REYES.

THE HONORABLE            E. REYES
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK